**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| DEVON ANTHONY BENNETT, Petitioner, v. STATE OF CALIFORNIA, Respondent. | ) ) ) ) ) ) ) ) ) ) | NO. CV 11-7423-E<br><br>ORDER DISMISSING PETITION WITHOUT PREJUDICE |

**PROCEEDINGS**

Petitioner filed a “Petition for Writ of Habeas Corpus By a Person in State Custody” on September 9, 2011. Petitioner also filed an “Election Regarding Consent to Proceed Before a United States Magistrate Judge.” Respondent filed an Answer on December 30, 2011, asserting: (1) the Court lacks jurisdiction because Petitioner allegedly failed to name as Respondent the person having custody over Petitioner; (2) the Court lacks jurisdiction because Petitioner allegedly is no longer in state custody; and (3) the Petition is unexhausted. On January 5, 2012, Respondent filed a “Consent to

Proceed Before a United States Magistrate Judge (State/Federal Habeas Case)." On January 13, 2012, Petitioner filed a "Response to the State of California Memorandum, etc.," constituting Petitioner's Reply ("Reply").

**BACKGROUND**

A jury found Petitioner guilty of transportation of marijuana in violation of California Health and Safety Code section 11360(a) (Clerk's Transcript 78, 84). On August 10, 2009, Petitioner received a sentence of three years (Reporter's Transcript 528-29; Clerk's Transcript 90-92). The sentencing court advised Petitioner that: (1) Petitioner was required to register as a narcotics offender;[1] and (2) following service of the sentence, Petitioner would be subject to a three-year parole period (Reporter's Transcript 528-29).

The California Court of Appeal affirmed the judgment (Respondent's Lodgment 6; see People v. Bennett, 2010 WL 2406408 (Cal. App. June 17, 2010)). The California Supreme Court denied Petitioner's petition for review summarily (Respondent's Lodgments 7, 8). Petitioner filed a habeas corpus petition in the Los Angeles County Superior Court on October 8, 2010, which that court denied in a written order on November 3, 2010 (Respondent's Lodgments 8, 10). Petitioner has not yet filed any habeas corpus petition in the

///

///

[1] See Cal. Health & Safety Code § 11590.

California Supreme Court.[2]

## PETITIONER'S CONTENTIONS

Petitioner contends:

1. Delay in bringing Petitioner to trial assertedly violated Due Process and the Sixth Amendment; and

2. The prosecution's main witnesses allegedly committed perjury.

## DISCUSSION

### I. Jurisdictional Issues

"A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994); 28 U.S.C. § 2242 (habeas petition must name "the person who has custody over [the petitioner]"); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); see Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. The failure to name

---

[2] The Court takes judicial notice of the California Supreme Court's docket available at www.courts.ca.gov, which does not reflect that any person named Devon Bennett has ever filed any habeas corpus petition in that court. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

the proper respondent deprives the Court of personal jurisdiction. Smith v. Idaho, 392 F.3d 350, 352-55 (9th Cir. 2004). "[W]hen a habeas petitioner has failed to name the proper respondent pursuant to § 2242 [the Court] must ask *sua sponte* whether the respondent who *is* named has the power to order the petitioner's release." Id. at 355 n.3 (original emphasis). "If not, the court may not grant effective relief, and thus should not hear the case unless the petition is amended to name a respondent who can grant the desired relief." Id.

Respondent contends, and Petitioner does not dispute, that at the time Petitioner filed the Petition Petitioner was (and remains) a detainee in the physical custody of United States Immigration and Customs Enforcement. Petitioner contends, however, that he also was (and remains) a parolee with respect to the challenged conviction (see Reply, p. 3). A federal habeas petitioner on parole at the time of filing the federal petition may name as the respondent the petitioner's probation or parole officer "and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate." Ortiz-Sandoval v. Gomez, 81 F.3d at 894 (9th Cir. 1996) (quoting 1976 Advisory Committee Note to Rule 2; internal quotations omitted). Petitioner has not named the proper Respondent. Respondent "People of the State of California" is not Petitioner's parole officer or the parole agency having legal control over Petitioner with respect to the challenged custody. Ordinarily, the Court would consider whether to permit Petitioner to amend the Petition to name a proper respondent. However, as discussed in section II below, the Court must dismiss the Petition as completely unexhausted.

Respondent also raises the jurisdictional issue of whether Petitioner was "in custody" within the meaning of 28 U.S.C. section 2254(a) at the time Petitioner filed the Petition. Subject matter jurisdiction over habeas petitions exists only where, at the time the petition is filed, the petitioner is "in custody" under the conviction challenged in the petition. Maleng v. Cook, 490 U.S. 488, 490-91 (1989); 28 U.S.C. §§ 2241(c), 2254(a). Respondent cites Resendiz v. Kovensky, 416 F.3d 952 (9th Cir.), cert. denied, 546 U.S. 1043 (2005), for the proposition that an immigration detainee facing deportation on the basis of a state conviction is not in state custody for purposes of section 2254. In Resendiz, the petitioner's 1997 state sentence of 180 days and three years' probation had fully expired before the petitioner filed the federal habeas petition. See, id. at 955. By contrast, assuming the truth of Petitioner's allegation that he has been on parole, Petitioner was in state "custody" within the meaning of section 2254 when he filed the present Petition. See Jones v. Cunningham, 371 U.S. 236, 243 (1963) (parolee is "in custody" for purposes of federal habeas jurisdiction); Cal. Penal Code § 3056 ("Prisoners on parole shall remain under the legal custody of the department and shall be subject at any time to be taken back within the inclosure of the prison.").[3] Therefore, the Court does not lack subject matter jurisdiction to adjudicate the Petition.

///

///

---

[3] However, there is no merit to Petitioner's contention that he is "in custody" by reason of a narcotics offender registration requirement. See Resendiz v. Kovensky, 416 F.3d at 958-59.

**II. <u>Exhaustion Issues</u>**

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. § 2254(b) - (c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan v. Boerckel, 526 U.S. at 844. The exhaustion requirement seeks to avoid "the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." Id. at 844-45 (citations, internal brackets and quotations omitted). Exhaustion is considered on a "claim-by-claim" basis. Insyxiengmay v. Morgan, 403 F.3d 657, 667 (9th Cir. 2005).

State remedies have not been exhausted unless and until the petitioner's federal claims have been fairly presented to the state's highest court. See Castille v. Peoples, 489 U.S. 346, 350-51 (1989); James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994).

In his petition for review to the California Supreme Court, Petitioner challenged only the lawfulness of the investigative stop and subsequent search which led to the discovery of the marijuana (see Respondent's Lodgment 7). Petitioner did not present to the

California Supreme Court the claims raised in the instant Petition. Therefore, the Petition is completely unexhausted.

Petitioner still may be able to present his unexhausted claims to the California Supreme Court. See, e.g., In re Harris, 5 Cal. 4th 813, 825, 21 Cal. Rptr. 2d 373, 855 P.2d 391 (1993) ("[H]abeas Corpus has become a proper remedy in this state to collaterally attack a judgment of conviction which has been obtained in violation of fundamental constitutional rights.") (citations and quotations omitted); Mendez v. Superior Court, 87 Cal. App. 4th 791, 799, 104 Cal. Rptr. 2d 839 (2001) (claim that conviction was obtained in violation of fundamental constitutional rights may be raised by state habeas petition; citation and internal quotations omitted).[4]

In certain circumstances, the Court has authority to stay a "mixed" petition containing both exhausted and unexhausted claims. See Rhines v. Weber, 544 U.S. 269 (2005); King v. Ryan, 564 F.3d 1133, 1143 (9th Cir.), cert. denied, 130 S. Ct. 214 (2009) (stay procedure authorized by Kelly v. Small, 315 F.3d 1063 (9th Cir.), cert. denied, 548 U.S. 1042 (2003), overruled on other grounds, Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), remains available after Rhines v.

---

[4] The Court expresses no opinion concerning whether consideration of a state habeas petition might be foreclosed by the principles discussed in In re Clark, 5 Cal. 4th 750, 763-87, 21 Cal. Rptr. 2d 509, 517-34, 855 P.2d 729 (1993). The California Supreme Court should evaluate this matter in the first instance. Moreover, even if there exists an applicable state procedural bar, the California Supreme Court nevertheless might choose to reach the merits of Petitioner's claims. See, e.g., Park v. California, 202 F.3d 1146 (9th Cir.), cert. denied, 531 U.S. 918 (2000).

Weber). However, the present Petition is not mixed; it is completely unexhausted. The Court cannot stay a completely unexhausted petition. See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (Rhines stay inappropriate); Jarrar v. Barnes, 2009 WL 2394361, at *1 n.1 (E.D. Cal. Aug. 4, 2009) (Kelly stay inappropriate); Tappin v. United States District Court, 2008 WL 686555, at *8 (E.D. Cal. Mar. 11, 2008) (same). Therefore, the Petition must be dismissed without prejudice. See Guillory v. Roe, 329 F.3d 1015, 1017 (9th Cir.), cert. denied, 540 U.S. 974 (2003).

**ORDER**

For the foregoing reasons, the Petition is dismissed without prejudice.

DATED: January 20, 2012.

_______________/S/__________________
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE